HARDER MIRELL & ABRAMS LLP
CHARLES J. HARDER (State Bar No. 184593)
SARAH E. LUPPEN (State Bar No. 258559)
MOLLY O. BENNETT (State Bar No. 286356)
1925 Century Park East, Suite 800
Los Angeles, California 90067
Telephone:   (424) 203-1600
Facsimile:    (424) 203-1601

Attorneys for Plaintiff
BERENICE MOSCA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE MOSCA, an individual,<br><br>           Plaintiff,<br><br>           v.<br><br>L'OREAL USA, INC., a Delaware corporation; L'OREAL CANADA, INC., a Canadian corporation; R/GA MEDIA GROUP, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1.  VIOLATION OF CALIFORNIA CIVIL CODE § 3344**<br><br>**2.  VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**<br><br>**3.  CONFUSION AS TO ORIGIN IN VIOLATION OF LANHAM ACT (15 U.S.C. § 1125)**<br><br>**4.  BREACH OF CONTRACT**<br><br>***DEMAND FOR JURY TRIAL*** |

Plaintiff Berenice Mosca (herein, "Ms. Mosca" or "Plaintiff") alleges as follows:

## THE PARTIES

1.     Plaintiff Berenice Mosca is an individual and domiciliary of the State of New York, who conducts a substantial amount of her business in the State of California, County of Los Angeles.

2.     Plaintiff is informed and believes and based thereon alleges that defendant L'OREAL USA, INC. ("L'Oreal USA") is, and at all times relevant

1 | hereto was, a corporation organized and existing under the laws of the State of
2 | Delaware, doing business throughout, causing advertisements using Plaintiff's
3 | image to be published throughout, and selling those products throughout, the State
4 | of California, including throughout the County of Los Angeles.

5 |       3.     Plaintiff is informed and believes and based thereon alleges that
6 | defendant L'OREAL CANADA, INC. ("L'Oreal Canada") is, and at all times
7 | relevant hereto was, a corporation organized and existing under the laws of the
8 | Province of Quebec, Canada, doing business throughout, causing advertisements
9 | using Plaintiff's image to be published throughout, and selling those products
10 | throughout, the State of California, including throughout the County of Los Angeles.
11 | (L'Oreal USA, L'Oreal Canada, and their affiliated companies are sometimes
12 | collectively referred to herein as "L'Oreal".)

13 |       4.     Plaintiff is informed and believes and based thereon alleges that
14 | defendant R/GA MEDIA GROUP, INC. ("R/GA Media") is, and at all times
15 | relevant hereto was, a corporation organized and existing under the laws of the State
16 | of Delaware, registered to do business in the State of California, doing business
17 | throughout and causing advertisements using Plaintiff's image to be published
18 | throughout, the State of California, including throughout the County of Los Angeles.

19 |       5.     Plaintiff is informed and believes and based thereon alleges that
20 | defendant WAL-MART STORES, INC. ("Wal-Mart") is, and at all times relevant
21 | hereto was, a corporation organized and existing under the laws of the State of
22 | Delaware, registered to do business in the State of California, with its agent for
23 | service of process located in the County of Los Angeles, doing business throughout,
24 | causing advertisements using Plaintiff's image to be published throughout, and
25 | selling those products throughout, the State of California, including throughout the
26 | County of Los Angeles.

27 |       6.     Plaintiff is informed and believes and based thereon alleges that the
28 | fictitiously-named defendants sued herein as Does 1 through 10, and each of them,

-2-
COMPLAINT

1  are in some manner responsible or legally liable for the actions, events, transactions,

2  and circumstances alleged herein.  The true names and capacities of such

3  fictitiously-named defendants, whether individual, corporate, or otherwise, are

4  presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this

5  Complaint to assert the true names and capacities of such fictitiously-named

6  defendants when the same have been ascertained.  For convenience, each reference

7  to a named defendant herein shall also refer to Does 1 through 10.  All defendants,

8  including both the named defendants and those referred to herein as Does 1 through

9  10, are sometimes collectively referred to herein as "Defendants."

10       7.      Plaintiff is informed and believes and based thereon alleges that

11  Defendants, and each of them, were and are the agents, licensees, employees,

12  partners, joint-venturers, co-conspirators, owners, principals, and employers of the

13  remaining Defendants, and each of them are, and at all times herein mentioned were,

14  acting within the course and scope of that agency, license, partnership, employment,

15  conspiracy, ownership, or joint venture.  Plaintiff is further informed and believes

16  and based thereon alleges that the acts and conduct herein alleged of each of the

17  Defendants were known to, authorized by, and/or ratified by the other Defendants,

18  and each of them.

19                          SUMMARY OF THE ACTION

20       8.      Plaintiff is a professional model.  In 2011 and early 2012, L'Oreal

21  engaged in knowing and intentional infringements of Plaintiff's image and identity

22  to market and sell L'Oreal's cosmetic products.  Plaintiff, representing herself,

23  demanded that L'Oreal stop its practices immediately, and pay her a settlement to

24  compensate her for its infringements.  L'Oreal agreed, and the parties entered into a

25  verbal settlement agreement, some of which is memorialized in writing.  L'Oreal

26  paid Plaintiff a monetary sum and also expressly agreed that it would immediately

27  and permanently cease and desist any further use of Plaintiff's name, image or

28  identity for any commercial purposes, including to market or sell L'Oreal products,

after the date of May 15, 2012.

9.     In violation of L'Oreal's agreement, L'Oreal used Plaintiff's image and identity to market and sell L'Oreal cosmetics after May 15, 2012.  Moreover, not only did L'Oreal intentionally violate Plaintiff's rights by using her image and identity in its advertising, L'Oreal substantially expanded the scope of its use of Plaintiff's image and footage by, among other things, including it in advertising, marketing and promotion at the Walmart.com website – the world's largest retailer.

10.     This is not the first time that L'Oreal's abuses have been reported.  In late 2013, L'Oreal was sued in a class action brought by professional models claiming that L'Oreal used their images without permission and beyond the scope of permitted licenses.  Moreover, on May 7, 2014, news weblog TheDailyBeast.com published an article titled "How Models Get Robbed on the Runway," discussing L'Oreal's practices of using models' images without their permission and in violation of their rights.

11.     For the reasons alleged herein, Plaintiff is entitled to compensatory damages, punitive damages, treble damages, reimbursement of her attorneys' fees and costs, and a permanent injunction to stop all further usage of her rights, including her name, photograph, image, likeness, video footage, voice, signature, and identity.

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1125(a) because it arises as a result of allegations of violations of the U.S. Lanham Act.

13.     This Court has personal jurisdiction over each of the Defendants because they solicit, transact, and do business within the State of California, using the likeness, identity and trademarks of Plaintiff, and committed the unlawful and tortious acts alleged herein within the State of California, as well as outside of the State of California.  Plaintiff's claims arise out of the conduct that gives rise to

1  personal jurisdiction over Defendants.

2      14.    Venue is proper in the Central District of California under 28 U.S.C.

3  §1391(b) because the events giving rise to the claims set forth in this Complaint

4  occurred in this judicial district, and both Plaintiff and each of the Defendants do

5  business in this District.  Venue also is proper pursuant to 28 U.S.C. § 1391(b)-(d)

6  because each of the Defendants is subject to the Court's personal jurisdiction with

7  respect to this civil action, and thus each is deemed to reside in this District.

8                                    **PLAINTIFF**

9      15.    Plaintiff is a professional model who has appeared in numerous

10 advertisements, including in television commercials, print advertising campaigns,

11 and Internet advertising campaigns that have run throughout the United States and

12 the world.

13     16.    Plaintiff's image has substantial commercial value.  She exercises

14 careful consideration prior to permitting the commercial use of her name, image or

15 identity to ensure that they are associated with appropriate products, services and/or

16 companies, and that they are used in appropriate advertising campaigns.  Plaintiff

17 also seeks to ensure that companies that contract to use her image comply with the

18 terms of their permitted use, and do not exceed the scope of permitted use.

19                    **DEFENDANTS' WRONGFUL CONDUCT**

20     17.    Plaintiff is informed and believes and on that basis alleges that

21 Defendants are, and at all times relevant hereto were, primarily engaged in the

22 business of manufacturing, distributing, marketing and/or selling cosmetics and

23 other products, and advertising, marketing and selling those products in the State of

24 California, and throughout the United States and the world.

25     18.    In or about 2007, Plaintiff entered into an agreement to allow L'Oreal

26 to use her image and identity in limited advertising, for specific L'Oreal branded

27 cosmetic products, pursuant to a limited term, and in limited media and geographic

28 territories.

19.     After the expiration of the contract term, L'Oreal intentionally continued to use Plaintiff's likeness, identity and trademarks (collectively, "Plaintiff's Rights") in advertising, marketing and promotion for L'Oreal branded cosmetic products.  Such use continued for approximately six (6) months following the expiration date of the contract term.

20.     In or about April 2012, Plaintiff entered into a settlement agreement with L'Oreal and R/GA pursuant to which L'Oreal and R/GA agreed to make a settlement payment to Plaintiff, and in connection with that agreement, L'Oreal agreed that it would cease from all further usage of Plaintiff's Rights after May 15, 2012 (the "2012 Settlement Agreement").  L'Oreal did make the settlement payment to Plaintiff, and Plaintiff is informed and believes that L'Oreal temporarily removed Plaintiff's Rights from L'Oreal's advertising, marketing and promotion.

21.     However, after May 15, 2012, Defendants, and each of them, used Plaintiff's Rights in connection with widespread advertising, marketing or promotion (the "Infringing Advertisements") for L'Oreal branded cosmetic products (the "Advertised Products") for a period of nearly two years.

22.     Plaintiff is informed and believes and based thereon alleges that Defendants intentionally used Plaintiff's Rights in the Advertisements, for the purpose of advertising and promoting Defendants and the Advertised Products, knowing that Defendants were prohibited from using any of Plaintiff's Rights pursuant to the 2012 Settlement Agreement.

## FIRST CAUSE OF ACTION

### (Violation of Right of Publicity, California Civil Code section 3344
### Against L'Oreal, R/GA Media and Wal-Mart)

23.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 22 inclusive, as though fully set forth herein.

/ / /

24.    The wrongful acts of L'Oreal, R/GA Media and Wal-Mart, as alleged hereinabove, constitute a violation and misappropriation of Plaintiff's rights of publicity pursuant to California Civil Code section 3344.  L'Oreal, R/GA Media and Wal-Mart have used, for a commercial purpose, without permission, Plaintiff's photograph, image, and identity to advertise, promote and sell the Advertised Products.

25.    As a direct and proximate result of the aforesaid wrongful acts of L'Oreal, R/GA Media and Wal-Mart, Plaintiff has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined according to proof at the time of trial.

26.    Plaintiff is informed and believes, and based thereon alleges, that L'Oreal, R/GA Media and Wal-Mart, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from L'Oreal, R/GA Media and Wal-Mart, in an amount to be determined according to proof at the time of trial.

27.    Plaintiff also is entitled to a preliminary and permanent injunction prohibiting L'Oreal, R/GA Media and Wal-Mart and their affiliated companies from any further commercial use of Plaintiff's Rights, including Plaintiff's name, photograph, likeness, image, voice, sound-alike voice, signature, or identity.

## SECOND CAUSE OF ACTION

### (Violation of California Common Law Right of Publicity

### Against All Defendants)

28.    Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 27 inclusive, as though fully set forth herein.

/ / /

29.    The wrongful acts of Defendants, and each of them, as alleged hereinabove, constitute a violation and misappropriation of Plaintiff's rights of publicity pursuant to California common law.  Defendants have misappropriated Plaintiff's photograph, image, identity and persona, and used them, without permission, for Defendants' advantage including, without limitation, to advertise, promote and sell the Advertised Products.

30.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined according to proof at the time of trial.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants, and each of them, in an amount to be determined according to proof at the time of trial.

32.    Plaintiff also is entitled to a preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further commercial use of Plaintiff's Rights, including Plaintiff's name, photograph, likeness, image, voice, sound-alike voice, signature, or identity.

## THIRD CAUSE OF ACTION

### (Lanham Act, 15 U.S.C. § 1125(a) – Confusion as to Origin
### Against All Defendants)

33.    Plaintiff repeats, re-alleges, adopts, and incorporates each and every allegation contained in paragraphs 1 through 32, as though fully set forth herein.

34.    Plaintiff's image and associated trademarks have been extensively used in advertisements throughout the United States and the world for many years.  As a result of this advertising and promotion, Plaintiff's image and associated

trademarks are recognized throughout trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiff. Plaintiff's trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. sections 1125 and 1127.

35.     Defendants' use, and continuing use, in interstate commerce of Plaintiff's Rights in connection with Defendants' companies, products, and services constitutes a violation of 15 U.S.C. section 1125(a), in that it creates a false association between Plaintiff and Plaintiff's Rights, on the one hand, and Defendants' companies, products and services, on the other hand, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants.  Defendants' use of Plaintiff's Rights is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products and services are or were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Plaintiff.

36.     Defendants' use, and continuing use, in interstate commerce of Plaintiff's Rights in connection with Defendants' companies, products, and services also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. section 1125(a).

37.     As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled, pursuant to 15 U.S.C. section 1117(a), to the recovery of:  (1) Defendants' profits from the sale of their products and services using Plaintiff's trademarks; (2) any damages sustained by Plaintiff as a result of Defendants' conduct; and (3) Plaintiff's costs of suit.

38.     Plaintiff is informed and believes and based thereon alleges that because Defendants committed the acts alleged above with knowledge that Defendants were not permitted to use Plaintiff's Rights, including pursuant to the April 2012 Settlement Agreement which expressly prohibited all such use, this case

is exceptional under 15 U.S.C. section 1117(a), entitling Plaintiff to treble damages, and also to the recovery of her attorneys' fees.

39.     Plaintiff also seeks the maximum award of statutory damages pursuant to 15 U.S.C. section 1117(c).

40.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of Plaintiff's Rights in any advertising, marketing or promotion for Defendants or any of their commercial products or services.

## FOURTH CAUSE OF ACTION

### (Breach of Contract – Against Defendants L'Oreal and R/GA Media)

41.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in paragraphs 1 through 40, as though fully set forth herein.

42.     L'Oreal and R/GA Media breached the 2012 Settlement Agreement by using Plaintiff's Rights in the Advertisements, despite the parties' agreement that L'Oreal would cease all use after May 15, 2012.

43.     As a direct and proximate result of the aforesaid wrongful acts of L'Oreal and R/GA Media, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.


WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1.     General and special damages in an amount not less than One Million Six Hundred Thousand Dollars ($1,600,000.00), together with interest thereon at the maximum legal rate;

2.     Disgorgement of Defendants' profits associated with the sale of the Advertised Products on and after May 16, 2012, until the date that Defendants ceased their use of Plaintiff's Rights in connection with such marketing and sales;

3.     Punitive damages in an amount according to proof at the time of trial;

4.      An award of Plaintiffs' attorneys' fees; and

5.      Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further commercial use of Plaintiff's Rights, including Plaintiff's name, photograph, likeness, image, voice, sound-alike voice, signature, and identity.

**AS TO THE SECOND CAUSE OF ACTION:**

6.      General and special damages in an amount not less than One Million Six Hundred Thousand Dollars ($1,600,000.00), together with interest thereon at the maximum legal rate;

7.      Disgorgement of Defendants' profits associated with the sale of the Advertised Products on and after May 16, 2012, until the date that Defendants ceased their use of Plaintiff's Rights in connection with such marketing and sales;

8.      Punitive damages in an amount according to proof at the time of trial; and

9.      Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further commercial use of Plaintiff's Rights, including Plaintiff's name, photograph, likeness, image, voice, sound-alike voice, signature, and identity.

**AS TO THE THIRD CAUSE OF ACTION:**

10.      General and special damages in an amount not less than One Million Six Hundred Thousand Dollars ($1,600,000.00), together with interest thereon at the maximum legal rate;

11.      Treble damages;

12.      Statutory damages;

13.      An award of Plaintiffs' attorneys' fees; and

14.      Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further commercial use of Plaintiff's trademarks including without limitation Plaintiff's photograph and likeness.

**AS TO THE FOURTH CAUSE OF ACTION:**

15.     Damages in an amount according to proof; and

16.     Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further use of Plaintiff's Rights.

**AS TO ALL CAUSES OF ACTION:**

17.     For all costs of suit incurred herein;

18.     Interest at the maximum legal rate; and

19.     For such other and further relief as the Court may deem to be just and proper.


Dated: May 13, 2014                   HARDER MIRELL & ABRAMS LLP


                                     By:  */s/ Charles J. Harder*
                                           CHARLES J. HARDER
                                           Attorneys for Plaintiff
                                           BERENICE MOSCA




**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


Dated:  May 13, 2014                  HARDER MIRELL & ABRAMS LLP


                                     By:  */s/ Charles J. Harder*
                                           CHARLES J. HARDER
                                           Attorneys for Plaintiff
                                           BERENICE MOSCA